1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AKIVA AVIKAIDA ISRAEL,                    No.  2:22-cv-00729-KJM-EFB (PC)

12                    Plaintiff,

13          v.                                 ORDER

14   C. McCLELLAND, *et al.*,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  The action proceeds on plaintiff's amended complaint, alleging procedural due

19   process, retaliation, and mail interference claims.  ECF Nos. 7, 9.  Currently pending before the

20   court are plaintiff's motions: (1) for a court order directing prison officials to grant her immediate

21   access to "relevant legal materials" five times per week (ECF No. 25) and (2) for a temporary

22   stay of this action due to plaintiff's current medical and mental health impairments (ECF No. 25-

23   1).

24          Also pending is defendants' motion to compel plaintiff to respond to their written

25   discovery requests.  ECF No. 26.  According to defense counsel, defendants served plaintiff with

26   interrogatories, requests for admission, and requests for production of documents on July 7, 2023.

27   *Id.*  Plaintiff's responses were due on August 9, 2023, but were not received.  *Id.*  Defense counsel

28   spoke with plaintiff over the phone on August 17, 2023; plaintiff said that she was not fully

                                                  1

stable, not allowed to use pens, and not okay to discuss the case.  *Id*.  Defendants have, to date, received no discovery responses from plaintiff.

Defendants do not oppose plaintiff's request to stay the case.  Defendants have filed no response to plaintiff's request for a court order granting her access to legal materials.

In her motion to stay, plaintiff represents that she has suffered from impaired cognitive functioning since late June 2023 due to schizophrenia and epilepsy.  ECF No. 25-1.  Other factors have also impacted her ability to litigate the case.  *Id*.  "At present, memory loss, palpitations, black-outs, trauma dissociation reactions, metabolic disorder, and cognitive impairment medically obstruct plaintiff from" litigating this action "for at least 4-5 months, according to her medical and MH providers."  *Id*.

Plaintiff's motion raises the issue of her competence.  The court must address this potential issue, because Federal Rule of Civil Procedure 17(c)(2) requires the court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."  While the court has discretion to craft such an order, an indefinite stay of proceedings is an abuse of discretion where it appears that the litigant will not regain competency in the future.  *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

In light of plaintiff's representations regarding her health, the court will vacate all pending deadlines in this case.  The parties shall submit status reports within 45 days of the date of this order indicating the current state of discovery (including any attempts to meet and confer), whether plaintiff has been granted access to her legal materials and other materials necessary to litigate, and plaintiff's ability to litigate the action going forward.  Once these reports have been submitted, the court will issue a revised schedule or other appropriate order.

Accordingly, it is hereby ORDERED that:

1. Defendants' September 8, 2023 motion to compel discovery responses (ECF No. 26) is DENIED without prejudice;

2. Plaintiff's motion for a court order compelling plaintiff's custodian to grant her access to legal materials (ECF No. 25) is DENIED without prejudice;

2

3.  Plaintiff's motion for a stay (ECF No. 25-1) is GRANTED IN PART such that:

    a.  All currently pending deadlines in this case are hereby VACATED; and

    b.  Within 45 days of the date of this order, the parties shall submit status reports informing the court of the current status of discovery, the current status of plaintiff's health and ability to litigate the case (including access to legal materials and any indication of future competence), and recommendations for the case going forward.

4.  Upon receipt of the parties' status reports, the court will issue a revised schedule or other appropriate order.

So ordered.

Dated: October 30, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE