UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. McCLELLAND, *et al.*,<br><br>　　　　　Defendants. | No.  2:22-cv-00729-KJM-EFB (PC)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The action proceeds on plaintiff's amended complaint, alleging procedural due process, retaliation, and mail interference claims.  ECF Nos. 7, 9.  Currently pending before the court is plaintiff's motion for a court order compelling the Placer County District Attorney's Office and the Placer County Superior Court to return a laptop to plaintiff that was taken from her in 2020, presumably in connection with a criminal case.  ECF No. 30.  Defendants respond that they will not file a formal opposition to the motion absent an order from the court.  ECF No. 31.

**I.    Background**

In an earlier motion to stay the case, plaintiff informed the court that she has suffered from impaired cognitive functioning since late June 2023 due to schizophrenia and epilepsy.  ECF No. 25-1.  Other factors have also impacted her ability to litigate this case.  *Id.*  "At present, memory loss, palpitations, black-outs, trauma dissociation reactions, metabolic disorder, and cognitive

impairment medically obstruct plaintiff from" litigating this action "for at least 4-5 months, according to her medical and MH providers." *Id*.

Plaintiff's motion raised the issue of her competence. The court was required to address this potential issue, because Federal Rule of Civil Procedure 17(c)(2) requires the court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." While the court has discretion to craft such an order, an indefinite stay of proceedings is an abuse of discretion where it appears that the litigant will not regain competency in the future. *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014).

As an interim measure, the court vacated all pending deadlines in this case and ordered the parties to submit status reports indicating the current state of discovery (including any attempts to meet and confer), whether plaintiff has been granted access to her legal materials and other materials necessary to litigate, and plaintiff's ability to litigate the action going forward.

In a status report dated December 13, 2023, defense counsel informed the court that plaintiff had expressed interest in pursuing settlement of this action during a settlement conference set to occur on February 6, 2024 in *Israel v. Gibbs*, E.D. Cal. Case No. 2:21-cv-02129-AC. ECF No. 29. Counsel asked the court to stay the case until that conference and, if the case failed to settle, the parties would submit updated status reports to the court.

The *Gibbs* case settled, but the parties did not substantively address the instant action at the February conference before Magistrate Judge Cota. ECF No. 34, 40. Judge Cota did inform the parties that he would give scheduling priority to them, should they wish to return to conduct a settlement conference for this action. ECF No. 40 at 7. It does not appear that the parties pursued a further settlement conference with Judge Cota.

The court now addresses plaintiff's motion for an order to return her laptop.

**II.     The Motion for TRO**

Plaintiff seeks an order compelling Solano County officials (the district attorney and the court) to return a laptop to her that was confiscated in 2020. ECF No. 30. A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or

damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

The alleged conduct addressed by plaintiff's motion (the confiscation and retention of his laptop by local law enforcement officials) is not the subject of this action and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits as to this case. In addition, plaintiff does not inform the court of the circumstances surrounding the confiscation of the laptop or whether it is currently being used in a state investigation. Plaintiff only states that the laptop contains much of her writing in 2018-2019 and that, without it, she cannot respond to defendants' discovery requests asking her to identify every article she has submitted to be published before and after the incidents that form the basis of this action. ECF No. 30.

However, as defendants point out, discovery in this case is currently on hold due to plaintiff's representations about her health and ability to participate in discovery. More importantly, plaintiff can respond to the discovery request to the extent she is able without accessing the laptop and supplement her responses later, should the laptop be returned to her. The attachments to plaintiff's motion show that she has significant evidence of her writing and publication activity, even without the laptop.

Absent more information and a more compelling justification, the court must decline to interfere with potential state investigative and judicial processes. *See Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992).

Plaintiff's motion suggests that plaintiff has, at least to some extent, regained the ability to participate in this action. Accordingly, the court will order status reports from the parties in anticipation of issuing a revised schedule.

### III.     Order and Recommendation

Accordingly, it is hereby ORDERED that, within 21 days of the date of this order, the parties shall submit status reports informing the court of: (1) any efforts to pursue settlement of this action or otherwise resume the litigation and (2) whether plaintiff has the capacity to resume the litigation or the court must appoint a guardian ad litem.

It is further RECOMMENDED that plaintiff's May 13, 2024 motion for a temporary restraining order be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 7, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE