1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AKIVA AVIKAIDA ISRAEL,                    No.  2:22-cv-00729-KJM-EFB (PC)

12              Plaintiff,

13         v.                                   ORDER AND AMENDED SCHEDULE

14    C. McCLELLAND, *et al.*,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  The action proceeds on plaintiff's amended complaint, alleging procedural due

19    process, retaliation, and mail interference claims.  ECF Nos. 7, 9.  Currently pending is plaintiff's

20    request for an extension of time, which defendants oppose.  ECF Nos. 35, 36.  The court will

21    deny the request as moot and direct the parties to resume litigation of this action according to the

22    schedule provided below.

23    **I.    Background**

24         In an earlier motion to stay the case, plaintiff informed the court that she has suffered from

25    impaired cognitive functioning since late June 2023 due to schizophrenia and epilepsy.  ECF No.

26    25-1.  Other factors have also impacted her ability to litigate this case.  *Id.*  "At present, memory

27    loss, palpitations, black-outs, trauma dissociation reactions, metabolic disorder, and cognitive

28    impairment medically obstruct plaintiff from" litigating this action "for at least 4-5 months,

1

1    according to her medical and MH providers." *Id.*

2         Plaintiff's motion raised the issue of her competence.  The court was required to address

3    this potential issue, because Federal Rule of Civil Procedure 17(c)(2) requires the court to

4    "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or

5    incompetent person who is unrepresented in an action."  While the court has discretion to craft

6    such an order, an indefinite stay of proceedings is an abuse of discretion where it appears that the

7    litigant will not regain competency in the future.  *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir.

8    2014).

9         As an interim measure, the court vacated all pending deadlines in this case and ordered the

10   parties to submit status reports indicating the current state of discovery (including any attempts to

11   meet and confer), whether plaintiff has been granted access to her legal materials and other

12   materials necessary to litigate, and plaintiff's ability to litigate the action going forward.

13        In a status report dated December 13, 2023, defense counsel informed the court that

14   plaintiff had expressed interest in pursuing settlement of this action during a settlement

15   conference set to occur on February 6, 2024 in *Israel v. Gibbs*, E.D. Cal. Case No. 2:21-cv-

16   02129-AC.  ECF No. 29.  Counsel asked the court to stay the case until that conference and, if the

17   case failed to settle, the parties would submit updated status reports to the court.

18        The *Gibbs* case settled, but the parties did not substantively address the instant action at

19   the February conference before Magistrate Judge Cota.  ECF No. 34, 40.  Judge Cota told the

20   parties that he would give scheduling priority to them, should they wish to return to conduct a

21   settlement conference for this action.  ECF No. 40 at 7.  It does not appear that the parties pursued

22   further settlement conference with Judge Cota.

23        On May 13, 2024, plaintiff filed a motion for a temporary restraining order.  ECF No. 30.

24   In an Order and Findings and Recommendations issued on November 7, 2024, the court directed

25   plaintiff to file a status report regarding her ability to resume litigation of this action within 21

26   days.  ECF No. 32.  Plaintiff filed objections to the Findings and Recommendations in which she

27   represented that she was preparing to file the status report on December 1, 2024.  ECF No. 33.

28   To date, no status report has been filed.  Most recently, plaintiff has filed a motion requesting an

extension of time to respond to "any and all filings" in this case.  ECF No. 35.  Defendants

oppose the request.  ECF No. 36.  They argue that plaintiff has been selectively litigating in this

case to buy herself time, when needed, to pursue a multiplicity of other lawsuits and that the court

should order plaintiff to show cause why she should not be sanctioned for failing to file the status

report ordered by the court on November 7.

**II.     The Motion for Extension of Time**

There are no pending deadlines in this case.  As defendants note, the only possible

deadline that could be extended is the one governing plaintiff's status report, which was due at the

end of November 2024.  Thus, plaintiff's motion for an extension of time will be denied as moot.

Although plaintiff has not provided the court with a status report, the court takes judicial notice of

plaintiff's December 5, 2024 filing in *Israel v. Brownstein*, E.D. Cal. Case No. 2:21-cv-0262-

TLN EFB, appearing at ECF No. 93, in which plaintiff stated that she was prepared to proceed

with that action.  If plaintiff's health issues allow her to proceed with her other cases, and absent

any filing from plaintiff indicating otherwise, the court presumes that plaintiff is prepared to

proceed in this action as well.

**III.    ORDER**

For those reasons, it is hereby ORDERED that:

1.  Plaintiff's December 23, 2024 motion for extension of time (ECF No. 35) is DENIED.

2.  The case shall proceed according to the scheduling order issued on May 5, 2023,

    amended as follows:

    a.  The parties may conduct discovery until April 18, 2025.  Any motions

        necessary to compel discovery shall be filed by that date.  All requests for

        discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not

        later than March 21, 2025.

    b.  Dispositive motions shall be filed on or before June 20, 2025.

    c.  Unless otherwise ordered, all motions to dismiss, motions for summary

        judgment, discovery motions, and motions made under the authority of

        Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule

1    ("L.R.") 110 shall be briefed in accordance with L.R. 230(l).  Failure to

2    timely file an opposition or statement of no opposition to such a motion

3    may be deemed a waiver of opposition to the motion and may result in the

4    imposition of sanctions.  L.R. 230(l).  Oppositions to all other motions

5    need to be filed only as directed by the court.

6        d.  The court will schedule pretrial proceedings, if necessary, upon the

7    resolution of any pretrial motions filed.  Requests to modify this schedule

8    will be looked upon with disfavor and must be supported by good cause

9    pursuant to Fed. R. Civ. P. 16(b).

10   So ordered.

11

12   Dated: January 21, 2025

13   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4