UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>C. McCLELLAND, et al.,<br><br>　　　　　　Defendants. | No.  2:22-cv-00729-KJM-EFB (PC)<br><br><u>ORDER AND AMENDED SCHEDULE</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The action proceeds on plaintiff's amended complaint, alleging procedural due process, retaliation, and mail interference claims.  ECF Nos. 7, 9.  Currently pending before the court are:

Plaintiff's requests for judicial notice, ECF No. 39 and ECF No. 41[1] at 8 (requests), ECF No. 40 (limited response/opposition).

Plaintiff's motion for protective order, ECF No. 41 (motion), ECF No. 42 (response).

Plaintiff's motion for relief or other appropriate remedies, ECF No. 43 (motion), ECF No. 44 (limited response).

---

[1]  The "second motion for judicial notice" at page 8 of ECF No. 41 is bundled together with plaintiff's motion for "protective order under Rule 26(c) & other relief" filed on the docket as a single pleading.  The court construes this filing, ECF No. 41, as both a request for judicial notice and a motion for protective order.

1

1        Plaintiff's motion for extension of time, ECF No. 47 (motion), ECF No. 49 (response).

2        Plaintiff's motion to compel discovery, ECF No. 48 (original motion), ECF No. 50 (response to original motion), ECF No. 51 (amended motion, filed same day as defendants' response to original motion); ECF No. 55 (response to amended motion).

5        Plaintiff's motion to reopen discovery, ECF No. 52 (original motion); ECF No. 53 (amended motion); ECF No. 56 (response).

7        Defendants' motion to compel plaintiff's deposition, ECF No. 42.  *See also* defendants' notice of no opposition received, ECF No. 46.

9        Defendants' motion to compel written discovery, ECF No. 45 (motion); ECF No. 47 (response); ECF No. 49 (reply).

11       For the reasons that follow, the court will:  (1) partially grant plaintiff's second request for judicial notice and otherwise deny both requests; (2) deny as moot plaintiff's motions for protective order and for other appropriate remedies; (3) grant defendants' motions to compel plaintiff's meaningful participation in her deposition and her answers to written discovery requests; (4) allow plaintiff's amended motion to compel written discovery and grant defendants' motion for an extension of time to provide substantive response; (5) deny plaintiff's amended motion to reopen discovery for all parties, without prejudice to motions supported by good cause for specific exceptions to the discovery schedule; and (6) modify the scheduling order to allow time for completion of discovery and filing of dispositive motions.

Plaintiff's Requests for Judicial Notice

A.    First Request (ECF No. 39)

         Plaintiff asks the court to take judicial notice of her account of events in about December 2024 and January 2025 regarding her efforts to have access to her legal documents since she was moved to the Richard J. Donovan Correctional Facility (RJDCF) on December 6, 2024, such as her account of when she made her requests, and to whom, and the responses she received, and her communications with attorneys from the California Attorney General's Office about these matters.  ECF No. 39 at 1-5.  Plaintiff appends copies of her written requests, email correspondence, phone call logs, grievances, and health care records.  *Id*. at 6-43.

1    Defendants object that plaintiff's narratives and allegations are not judicially noticeable,
2 are subject to reasonable dispute, and cannot be accurately determined. ECF No. 40 at 1-2.
3 Defendants' arguments are correct.
4    A court must take judicial notice of adjudicative facts if a party requests it and the court is
5 supplied with the necessary information. Fed. R. Evid. 201(c)(2). The kinds of facts that may be
6 judicially noticed are only those that are generally known within the court's territorial jurisdiction
7 or can be accurately and readily determined from sources whose accuracy cannot reasonably be
8 questioned. Fed. R. Evid. 201(b). The purpose of judicial notice is to eliminate "the need for
9 formal fact-finding as to certain facts that are undisputed and easily verified." *Walker v.*
10 *Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).
11    Plaintiff's first request for judicial notice fails these criteria. Her request relates to her
12 personal experiences, circumstances, and communications, which are not facts that can be
13 accurately and readily determined from independent sources and are not facts that are generally
14 known within the court's jurisdiction. *See* Fed. R. Evid. 201(b). The court may not take judicial
15 notice of disputed facts that are stated or implied in the documents for which plaintiff requests
16 judicial notice. *Walker*, 454 F. Supp. 2d at 1022; *see also United States v. Ritchie*, 342 F.3d 903,
17 909 (9th Cir. 2003) (declining to take judicial notice of documents attempting to establish "[t]he
18 underlying facts relevant to the adjudication of this case" and which "do not remotely fit the
19 requirements of Rule 201"); *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1311 (S.D. Cal.
20 2003) ("courts have found the taking of judicial notice to be inappropriate in matters requiring
21 detailed or specific knowledge" (citing *U.S. v. Marsical*, 285 F.3d 1127, 1132 (9th Cir. 2002))).
22    Judicial notice is not appropriate for establishing argumentative assertions such as
23 unreasonable delay, prejudicial effect, and preferential treatment of other inmates. *See Johnson v.*
24 *Napa Valley Wine Train, Inc.*, No. 15-cv-04515-TEH, 2016 WL 493229, at *14 (N.D. Cal. Feb.
25 9, 2016) (denying request for judicial notice that would have required the court to make "an
26 inferential leap" about the information stated in the records). Plaintiff's requests for judicial
27 notice are essentially an attempt to establish her factual contentions as a party to this litigation.
28 Plaintiff's contentions must be resolved through the usual process for adjudication of disputed

3

facts. For all these reasons, the court will deny plaintiff's first request for judicial notice in its entirety.[2]

B.     Second Request (ECF No. 41)

Plaintiff makes a second, similar request for judicial notice of another collection of documents from about the same time frame (January through March 2025), also relating to her efforts to have access to her stored legal documents. ECF No. 41 at 8. Plaintiff appends copies of her correspondence with defendants' counsel and with prison officials, a related grievance, health care records, and defendants' discovery requests to plaintiff. *Id*. at 5-7, 14-77.

What most distinguishes plaintiff's second request from her first request, is that it contains a pleading captioned for filing in a case plaintiff is litigating in the Central District of California, docketed at *Israel v. Moreno*, No. 2:23-cv-02383-JGB (SK) (C.D. Cal.) [hereinafter the "*Moreno* case"]. ECF No. 41 at 9-12. Defendants have also cited the *Moreno* case, and a ruling made there, in their pleadings. ECF No. 49 at 3.

The court may take judicial notice of court records. *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The court takes judicial notice that plaintiff did in fact file this pleading in the Central District of California in the *Moreno* case (at ECF No. 75) on the same day it was filed here, February 7, 2025, and re-filed the same pleading on March 27, 2025 (at ECF No. 82). The court also takes judicial notice that the Central District Court in the *Moreno* case (at ECF No. 83) ultimately denied the re-filed request and declined to attempt to regulate plaintiff's "day-to-day access to legal papers or the library" because of the substantial deference owed to prison administrators. *See* ECF No. 49 at 3.

The court partially grants plaintiff's second request for judicial notice in that the court takes judicial notice of the pleading at ECF No. 41, pages 9-12, and the fact that plaintiff has

---

[2] The court might construe the information and exhibits presented in plaintiff's requests for judicial notice as arguments and evidence submitted by plaintiff in support of her motions regarding her depositions, rather than as judicially noticed facts. This is unnecessary in these circumstances because the motions in question will be denied as moot. However, plaintiff should take note that judicial notice is not intended to substitute for the normal procedures for motions practice in Federal Rule of Civil Procedure 78(b) and Local Rule 230(l).

1  twice filed this pleading in the *Moreno* case, and the fact that the Central District Court has
2  denied the request for judicial notice and judicial oversight made there. The court otherwise
3  denies plaintiff's second request for judicial notice for the same reasons her first request is
4  denied.

The Scheduling Order

6        The court's original scheduling order, issued May 5, 5023, was vacated and then amended
7  based on plaintiff's representations that she was unable to meet discovery deadlines due to both 1)
8  lack of access to her legal materials and 2) health concerns. ECF No. 28 at 2; ECF No. 38 at 2.
9  The amended scheduling order extended the deadline for service of discovery requests until
10 March 21, 2025, and set April 18, 2025 as the deadline to finish conducting discovery and to file
11 motions to compel. ECF No. 38 at 3:21. The deadline for dispositive motions was set for June
12 20, 2025, but this deadline has been vacated. *Id*. at 3:25; ECF No. 57 (granting defendants' ex
13 parte application to vacate and reset dispositive motions deadline, docketed at ECF No. 54).

Plaintiff's Access to Her Legal Materials

15       The motions now before the court raise a range of discovery-related issues, including 1)
16 the timeliness and adequacy of discovery requests, responses, and motions to compel, 2)
17 plaintiff's readiness to testify at her deposition and reasons why not, and 3) whether and what sort
18 of extensions the parties wish to obtain.

19       Most of the motions under consideration are directly or indirectly contingent on plaintiff's
20 claims that she has not had sufficient access to her legal materials to respond to discovery
21 requests, prepare for and answer questions at her deposition, and perhaps to propound her own
22 discovery requests. Plaintiff was moved to the RJDCF on about December 6, 2024. ECF No. 47
23 at 1. She has complained that prison officials at RJDCF have restricted her access to her legal
24 materials. *See, e.g*., ECF Nos. 41, 43, 47.

25       Defendants argue that plaintiff has been selectively litigating her cases, including by
26 serving her discovery requests on defendants. ECF No. 49. They maintain plaintiff has not made
27 a good faith effort to comply with her discovery obligations to the extent it is possible for her to
28 do so. *Id*. at 3, 4.

5

In her amended motion for discovery relief filed May 27, 2025, plaintiff describes changed circumstances at RJDCF in that "the Warden has recently made the stored legal materials at issue reasonably and physically available to Plaintiff." ECF No. 53 at 3. Several of the motions under consideration and some of the arguments in the briefing have been mooted and/or given new context by this turn of events. The court will incorporate this development into its analysis of these motions.

Motions About Written Discovery Requests

A.      Defendants' Motion to Compel Written Discovery

Defendants move to compel plaintiff's answers to defendants' written discovery requests, and to deem defendants' first set of requests for admission admitted. ECF No. 45. Defendants' counsel declares that defendants have not received any response to their written discovery requests, despite plaintiff's representations that she sent responses in 2023 and that she would resend the responses in March 2025. *Id*. at 5; ECF No. 45-1 at 2-3 ¶¶ 4-6 (Boiko declaration); *see also* ECF No. 56 at 3-4. Plaintiff's response to this motion complains of lack of access to her legal materials, and she has moved for an extension of time to respond to defendants' written discovery requests. ECF No. 47.[3] Plaintiff's response does not appear to dispute whether she failed to answer the written discovery requests. Defendants argue in reply, as noted above, that plaintiff is actively but perhaps selectively litigating some of her cases but she has not attempted to answer defendants' discovery requests insofar as it is possible for her to do so. ECF No. 49.

Plaintiff's arguments why she has been unable to answer defendants' written discovery requests have been mooted by her acknowledgment that she now has adequate access to prepare her responses. Defendants' motion to compel and plaintiff's request for additional time to respond will both be granted, except that defendants' request to deem the requests for admission

---

[3] Plaintiff captions this pleading, ECF No. 47, as her "Opposition" and also as her "Motion for Relief Based on Adversity" requesting extensions of time. The court is addressing both topics embedded in this pleading. However, all parties should take note that Local Rule 230(e) provides that related motions and counter-motions are to be served and filed as separate pleadings in the manner and on the date prescribed for the filing of opposition. This is so that all motions and counter-motions may be properly identified for consideration according the normal procedures for motions practice in Federal Rule of Civil Procedure 78(b) and Local Rule 230.

6

1  as admitted will be denied.  The court will adjust the scheduling order as set forth below in order
2  to allow this ruling to be carried out.
3  B.      Plaintiff's Motion to Compel Written Discovery
4  Plaintiff has filed her own motion to compel response to plaintiff's written discovery
5  requests.  ECF No. 48.  Defendants respond by objecting that plaintiff's motion was untimely
6  filed because the operative scheduling order required filing (or at least service) by April 18, 2025
7  but plaintiff's motion to compel was filed on May 9, 2025.  ECF No. 50 at 1 (citing ECF No. 38
8  at 3:21 and ECF No. 22 at 4:11-12).  Defendants request an extension of time to provide
9  substantive response, if plaintiff's motion is allowed.[4]  *Id*. at 2.
10  Plaintiff filed an amended motion to compel the same day that defendants filed their
11  response to the original motion, May 20, 2025.  ECF No. 51.  In their response to plaintiff's
12  amended motion, defendants once again raise the issue of timeliness and also ask for time to
13  provide substantive response if the amended motion is allowed.  ECF No. 55.  Plaintiff has not
14  replied to defendants' argument regarding the timeliness of her motion and/or amended motion.
15  Plaintiff's signature on the original motion is dated May 6, 2025.  ECF No. 48 at 10.  It
16  thus appears that the prison mailbox rule could not possibly apply to make the original motion
17  timely filed or served as of April 18, 2025.[5]  Nevertheless, in the interests of resolving this
18  dispute so that this case may move forward, and since plaintiff's tardiness is relatively short,
19  plaintiff's motion will be allowed.  The amended motion is essentially substantively the same as
20  the original motion.  The amended motion differs from the original motion in that the amended
21  motion 1) omits issues related to RFP No. 1 and RFP No. 2 addressed to defendant Cheryl
22  McLelland and 2) appends copies of defendants' responses to the RFPs.  Because the amended
23  motion supersedes the original motion, it appears that plaintiff's issues regarding RFP No. 1 and

---

[4] It appears that defendants have responded to plaintiff's written discovery, because plaintiff attaches a copy of defendants' responses to her amended motion.  ECF No. 51 at 13-37.  The court will not rule on the adequacy of defendants' responses or the substantive merits of this motion to compel until defendants have filed their substantive response.

[5] According to the prison mailbox rule, plaintiff's pleadings are deemed filed on the day she delivers them to prison officials for mailing.  *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

7

1  RFP No. 2 have been resolved. Defendants will be allowed time to provide substantive response
2  to the amended motion, according to the revised schedule set forth below.

Motions About Plaintiff's Deposition

4        Three of the motions before the court relate to defendants' efforts to obtain plaintiff's
5  deposition. Plaintiff sat for her deposition on March 6, 2025. ECF No. 42-1 at 3 (Boiko
6  declaration). Defendants' counsel suspended the deposition because plaintiff "claimed that she
7  could not testify to several subjects involving the case due to the alleged inability to access her
8  legal property." *Id*. at 3 ll.23-24. Defendants have filed a motion asking that plaintiff be
9  compelled "to meaningfully and fully participate" in her deposition. ECF No. 42 at 1.
10 Defendants also ask to extend the discovery cut-off date for the sole purpose of allowing
11 plaintiff's deposition to be completed. Defendants have filed a notice that plaintiff has not filed
12 opposition to their motion to compel. ECF No. 46; *see* Local Rule 230(l). It is not apparent from
13 the record whether plaintiff intended for any of her pleadings to serve as response in opposition to
14 defendants' motion to compel.

15       Plaintiff has filed a motion seeking a protective order and another motion seeking "relief
16 or other appropriate remedies." ECF Nos. 41, 43. It appears that plaintiff does not object to
17 being deposed, but rather she claims that she cannot prepare for the deposition. ECF Nos. 41, 43.
18 This consideration has been mooted by the new arrangements for plaintiff to access her legal
19 materials at RJDCF.

20       For all these reasons, the court will deny plaintiff's motions, ECF No. 41 and ECF No. 43.
21 The court will grant defendants' motion to compel plaintiff's meaningful participation in her
22 deposition, ECF No. 42.[6] Defendants' request to adjust the scheduling order is addressed below
23 along with other requests the parties have made for deadline extensions.

24 ////
25 ////

---

26    [6] Rule 26(d)(2) provides that "methods of discovery may be used in any sequence; and
27 discovery by one party does not require any other party to delay its discovery." Plaintiff must meaningfully participate in her deposition according to the revised schedule set forth in this order, regardless of the status of other discovery activities.
28

8

Motions About Extensions of the Discovery Scheduling Order

Several of the motions addressed in this order require modification of the scheduling order to implement the court's rulings. The parties have also requested various specific modifications to the scheduling order.

1) Defendants have asked for a limited modification of the scheduling order to allow for completion of plaintiff's deposition. ECF No. 42. Plaintiff has not filed opposition to this request.

2) Plaintiff requests "an extension of the discovery schedule … together with an extension of time to respond to all discovery and to do so without having lost the right to preserve objections." ECF No. 47 at 2. This request is submitted in the same pleading as plaintiff's response to defendants' motion to compel plaintiff's answers to written discovery (at ECF No. 45). Plaintiff's request for an extension is based on her lack of access to her legal materials since her transfer to RJDCF on December 6, 2024. ECF No. 47 at 1. As previously noted, the lack of access has been mooted. Defendants object that plaintiff's motion is untimely, and they also argue that plaintiff has not made a good-faith effort to answer discovery requests insofar as she may be able to do so without reference to her legal materials. ECF No. 49 at 1-5.

3) Plaintiff separately requests to reopen discovery for all parties for three months. ECF No. 53 (amended motion). She argues she "was impressed upon that the Discovery Deadline would be stayed, or otherwise modified" because of her inability to access her legal materials at RJDCF and/or her poor health. *Id*. at 2. Plaintiff claims that the recent arrangement to allow her access to her legal materials at RJDCF means that she can proceed with her discovery obligations. *Id*. at 3.

Defendants oppose an open-ended re-opening of discovery. ECF No. 56 at 2. Defendants state they have not received responses to their discovery requests, even though plaintiff claims to have served her responses. *Id*. at 3-4. Defendants also point out that plaintiff has propounded her own discovery requests while not responding to defendants' requests. Plaintiff has propounded: 1) a timely first set of discovery requests in February 2025, 2) a second timely set of discovery requests to Cheryl McLelland on or around March 14, 2025, 3) additional requests addressed to a

9

1  non-party (Sgt. Baskerville) on March 18, 2025, and 4) amended requests for production and new
2  interrogatories on April 17, 2025, which defendants maintain are new requests, and untimely. *Id*.
3  at 3-4. Defendants argue that this case has been repeatedly and significantly delayed, that they
4  are prejudiced by these delays, and that plaintiff has not been diligent in seeking or responding to
5  discovery in this case. *Id*. at 5-10.

6  Plaintiff has not addressed the untimeliness of her April 17, 2025 discovery requests.
7  Based on the exhibits attached to defendants' response, plaintiff's April 17, 2025 "amended
8  discovery requests" do not appear to include any include any new requests for production, but do
9  include: (1) an amended draft motion for discovery relief which plaintiff has not filed with the
10 court (ECF No. 56-1 at 97-141) and which appears to argue that defendants' answers to RFPs are
11 deficient;[7] and (2) a set of 9 interrogatories addressed to each of the defendants (ECF No. 56-1 at
12 142-146) (the "April 17 Interrogatories").

13 <u>Analysis of Motions for Extension of Time</u>. Federal Rule of Civil Procedure
14 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's
15 consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily
16 to the whether the party seeking modification could not reasonably meet the deadline despite the
17 exercise of due diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).
18 While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice
19 to the party opposing the motion might supply additional reasons to deny" the requested
20 modification. *Id.*

21 The court will allow extensions of the scheduling order sufficient to implement its rulings
22 on the motions decided herein. The court therefore grants the extension requested in defendants'
23 motion docketed at ECF No. 42.

24 Plaintiff's motion docketed at ECF No. 47 is partially mooted in that plaintiff has
25 acknowledged she now has adequate access to her legal materials. To the extent plaintiff's
26 motion is not mooted by this development, the court will partially grant plaintiff's motion in that

---

[7] The court does not address this draft motion, except to note that plaintiff must file any motion to compel within the deadlines set forth in this order, and any such motion must be based on events and arguments specifically relevant to this case and to the discovery responses at issue.

the court is allowing additional time for completion of specific discovery activities as ordered herein. The court will otherwise deny plaintiff's motion docketed at ECF No. 47.

The court will grant in part and deny in part plaintiff's amended motion docketed at ECF No. 53. Plaintiff has not shown good cause for an open-ended extension of discovery, and the court will deny this request. This denial is without prejudice to the filing of any motions that may make specific requests for specific modifications to the amended scheduling order, and which must be supported by good cause pursuant to Fed. R. Civ. P. 16(b). Any such motion must be filed within the time frame set forth below.

The court reasonably construes plaintiff's motion as encompassing a request for an extension of the scheduling order to allow her tardy April 17 Interrogatories. The court will allow a specific and limited extension of the scheduling order for the 9 interrogatories which plaintiff belatedly propounded in her April 17 Interrogatories. Although there have already been lengthy delays in this case which may be presumed to have prejudiced defendants to some degree, in this unique instance any additional delay is not great especially in light of other extensions of time granted herein. In the interests of bringing a resolution of plaintiff's claims, the court will order defendants to respond to plaintiff's April 17 Interrogatories according to the amended scheduling order set forth below.

**ORDER**

For all these reasons, it is hereby ORDERED that:

1. Plaintiff's motion for protective order (ECF No. 41) is DENIED as moot.

2. Defendants' motion to compel plaintiff's deposition and to extend the scheduling order for this purpose (ECF No. 42) is GRANTED. The deposition shall proceed according to the amended schedule set forth below.

3. Plaintiff's motion for relief or other appropriate remedies (ECF No. 43) is DENIED as moot.

4. Defendants' motion to compel written discovery (ECF No. 45) is GRANTED IN PART AND DENIED IN PART. Defendants' requests for admission to plaintiff are not deemed admitted. Plaintiff shall answer defendants' written discovery requests

according to the amended schedule set forth below.

5. Plaintiff's motion for extension of time (ECF No. 47) is GRANTED IN PART only as to the specific modifications of the scheduling order set forth below and is otherwise DENIED IN PART.

6. Plaintiff's amended motion to compel discovery (ECF No. 51) is ALLOWED TO PROCEED and defendants are allowed an extension of time to provide substantive response to this motion according to the amended schedule set forth below.

7. Plaintiff's amended motion to reopen discovery (ECF No. 53) is GRANTED IN PART as to a limited extension of the discovery schedule to allow response to plaintiff's April 17, 2025 Interrogatories and is otherwise DENIED WITHOUT PREJUDICE as to the filing of motions requesting specific good cause exceptions to the scheduling order, according to the amended schedule set forth below.

8. The case shall proceed according to the scheduling order issued on May 5, 2023, amended as follows:

    a. Plaintiff's deposition shall proceed no later than August 8, 2025.
    b. Plaintiff shall answer defendants' written discovery requests no later than August 8, 2025.
    c. Defendants shall respond to plaintiff's April 17, 2025 Interrogatories no later than August 8, 2025.
    d. Motions to compel related to the extensions of the scheduling order allowed here in parts 8.a, 8.b, and 8.c (plaintiff's deposition, plaintiff's answers to defendants' written discovery requests, and defendants' responses to plaintiff's April 17, 2025 Interrogatories) shall be filed no later than August 22, 2025.
    e. Any request for additional modifications of the scheduling order, including specific requests for specific additional discovery, must be made no later than August 8, 2025. Any such motion will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).
    f. Dispositive motions shall be filed on or before August 29, 2025.

     g. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

     h. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

So ordered.

Dated: July 9, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE