UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL,<br><br>Plaintiff,<br><br>v.<br><br>C. McCLELLAND, et al.,<br><br>Defendants. | No.  2:22-cv-00729-KJM-EFB (PC)<br><br><br><br>ORDER AND AMENDED SCHEDULE |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  The action proceeds on plaintiff's amended complaint, alleging procedural due process, retaliation, and mail interference claims.  ECF Nos. 7, 9.  Currently pending before the court are:

Defendants' request further extension of the discovery cut-off deadline to allow them to complete plaintiff's deposition.  ECF No. 59 (no response filed).

Plaintiff's motion for extension of the discovery cut-off deadline and for reconsideration of the court's recent amended scheduling order (ECF No. 58).  ECF No. 60; ECF No. 65 (response).

Plaintiff's motion for an extension of time to respond to defendants' discovery requests.  ECF No. 61; ECF No. 64 (response).

////

1

1  Plaintiff's request for judicial notice.  ECF No. 119 (request); ECF No. 121 (defendants'
2  opposition).
3  For the reasons that follow, the court will: (1) modify the schedule to permit plaintiff's
4  deposition; (2) deny plaintiff's requested extensions of time; and (3) deny reconsideration of the
5  court's July 9, 2025 scheduling order (ECF No. 58).

Relevant Procedural Background

7  The court's original scheduling order, issued May 5, 5023, was vacated and then amended
8  based on plaintiff's representations that she was unable to meet discovery deadlines due to both 1)
9  lack of access to her legal materials and 2) health concerns.  ECF No. 28 at 2; ECF No. 38 at 2.
10  The amended scheduling order extended the deadline for service of discovery requests until
11  March 21, 2025, and set April 18, 2025 as the deadline to finish conducting discovery and to file
12  motions to compel.  ECF No. 38 at 3:21.  The deadline for dispositive motions was set for June
13  20, 2025, but this deadline was vacated pending resolution of motions to compel filed by both
14  parties.  *I*d. at 3:25; ECF No. 57 (granting defendants' ex parte application to vacate and reset
15  dispositive motions deadline, docketed at ECF No. 54).
16  Plaintiff sat for her deposition on March 6, 2025.  ECF No. 42-1 at 3 (Boiko declaration).
17  Defendants' counsel suspended the deposition because plaintiff "claimed that she could not
18  testify to several subjects involving the case due to the alleged inability to access her legal
19  property."  *Id*. at 3 ll.23-24.  Defendants filed a motion asking that plaintiff be compelled "to
20  meaningfully and fully participate" in her deposition and that the discovery deadline be extended
21  for the sole purpose of allowing plaintiff's deposition to be completed.  ECF No. 42 at 1.
22  The court granted defendants' request to modify the schedule on July 9, 2025, giving
23  defendants until August 8, 2025 to complete plaintiff's deposition.  ECF No. 58.  The court
24  ordered plaintiff to respond to defendants' discovery by the same date.  *Id.*  The court cautioned
25  that further requests to modify the schedule would be "looked upon with disfavor and must be
26  supported by good cause pursuant to Federal Rule of Civil Procedure 16(b)."  *Id.* at 13.
27  Defendants attempted to take plaintiff's deposition again on July 29, 2025.  However,
28  institution staff informed defense counsel on that date that the deposition could not go forward

due to the medical isolation of plaintiff's housing unit. ECF No. 59-1 (Decl. of Brittany Boiko) at 1-2 ¶ 2. Because the deadline to complete the deposition would elapse on August 8, 2025, counsel filed a motion to modify the schedule. ECF No. 59. Defendants request 30 days to complete the deposition, an additional two weeks to file any related motion to compel, and 75 days to file a dispositive motion. *Id.*

Plaintiff seeks an extension of the discovery deadline of 45 days, citing unspecified health issues and the many cases she is currently litigating. ECF No. 60. She also asks the court to reconsider its July 7, 2025 order, but provides no argument justifying reconsideration, nor even any specific aspect of the order she wished to have reconsidered. *Id.* She also seeks an extension of 10 days to respond to defendants' discovery requests, ECF No. 61, but defendants respond that plaintiff has "served several different batches of responses to Defendants' discovery requests, rendering this motion moot." ECF No. 64 at 2.

<u>Analysis</u>

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite the exercise of due diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

The inability of counsel to depose plaintiff prior to the expiration of the existing deadline due to the isolation of her housing unit provides good cause for the granting of defendants' motion to modify the schedule. Plaintiff has not provided good cause for the extensions she seeks. Unspecified health issues and the litigation of many cases simultaneously cannot justify further delay of this case, which was filed in April 2022. The case's progress has been hampered by the many extensions of time sought by both parties, including an extended delay when plaintiff represented to the court that serious health issues impacted her ability to litigate. *E.g.,* ECF Nos. 14, 28, 37, 57. Plaintiff's health appears adequate to prosecute this case, and her participation

3

1   must include her deposition.

2   In addition, plaintiff has filed a notice to the court indicating that she has answered
3   defendants' discovery requests, and defendants have acknowledged her response, so her request
4   for an extension of time to do so is now moot.  ECF Nos. 63, 64.

5   Plaintiff has provided no justification for the court to revisit its rulings of July 7, 2025
6   (ECF No. 58).  Accordingly, her request for reconsideration of that order will be denied.

Terminating Sanctions

8   Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a court may dismiss an
9   action if the plaintiff fails to obey an order to provide discovery.  Dismissal is a harsh sanction
10  that is imposed only upon analysis of a five-factor test, with the key factors being the prejudice
11  that failure to respond has caused to the party seeking sanctions and the availability of lesser
12  sanctions.  *Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d 956, 969 (N.D. Cal. 2019)
13  (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)).

14  The Rules of Civil Procedure require plaintiff to fulfill her discovery obligations and
15  comply with the court's orders including the scheduling order as modified.  The court will apply
16  the five-factor test set forth in *Henry* and *Karimi* to consider requests for sanctions, including the
17  sanction of dismissal, should plaintiff decline to participate in her next noticed deposition.

## ORDER

19  Accordingly, it is hereby ORDERED that:

20  1. Defendant's motion to compel plaintiff's deposition and to extend the scheduling order
21     for this purpose (ECF No. 59) is GRANTED.  The deposition shall proceed according
22     to the amended schedule set forth below.

23  2. Plaintiff's motions for a 45-day extension of discovery deadlines and for
24     reconsideration (ECF Nos. 60) is DENIED.

25  3. Plaintiff's motion for an extension to respond to defendants' discovery requests (ECF
26     No. 61) is DENIED as moot.

27  4. The case shall proceed according to the scheduling order issued on May 5, 2023,
28     amended as follows:

4

    a. Plaintiff's deposition shall proceed no later than October 15, 2025, and plaintiff shall "meaningfully and fully participate" in the deposition.

    b. Motions to compel related to plaintiff's deposition shall be filed no later than October 29, 2025.

    c. Defendants shall have until October 24, 2025 to respond to plaintiff's motions to compel (ECF Nos. 51, 58, and 62).

    d. Any request for additional modifications of the scheduling order, including specific requests for specific additional discovery, must be made no later than October 15, 2025.  Any such motion will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

    e. Dispositive motions shall be filed on or before December 1, 2025.

    f. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

    g. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

So ordered.

Dated: September 17, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5