UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIVA AVIKAIDA ISRAEL, | No. 2:22-cv-00729-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| C. McCLELLAND, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She proceeds on an amended complaint, alleging procedural due process, retaliation, and mail interference claims. ECF Nos. 7, 9. Several motions are currently pending. They include:

Defendants' motion to dismiss for terminating sanctions pursuant to Federal Rules of Civil Procedure 37(b) and 41(b). ECF No. 72; ECF No. 71 (response).

Defendants' ex parte application for the court to vacate the remaining deadlines in the case, in light of defendants' anticipated motion for terminating sanctions. ECF No. 69; ECF No. 71 (response); ECF No. 73 (reply).

Plaintiff's motion to compel response to her discovery requests for disciplinary records. ECF No. 62; ECF No. 70 (response).

////

1       For the reasons that follow, the court will: (1) deny defendants' motion for terminating
2  sanctions but grant the lesser sanction under Rule 37(b)(2)(A)(iv) of staying further proceedings
3  until plaintiff obeys the court's order to meaningfully and fully participate in her deposition; (2)
4  grant defendants' application to vacate remaining deadlines pending completion of plaintiff's
5  deposition; and (3) deny without prejudice plaintiff's motion to compel response to her discovery
6  requests.

<div align="center">Relevant Procedural Background</div>

8       The court's original scheduling order was issued on May 5, 2023. At plaintiff's request, it
9  was vacated and then amended based on her representations that she was unable to meet
10 discovery deadlines due to both lack of access to her legal materials and her health concerns.
11 ECF No. 28 at 2; ECF No. 38 at 2. On November 7, 2024, the court directed the parties to file
12 status reports addressing, among other things, plaintiff's ability to resume litigation of this action.
13 ECF No. 32. Defendants filed their report. ECF No. 34. Plaintiff did not. Instead, she filed a
14 request to extend the time to respond to all filings by 30 days. ECF No. 35. Defendants' report
15 pointed out that plaintiff has plainly demonstrated her ability to proceed with litigation in other
16 cases. ECF No 36, at 3 - 4. The court took judicial notice of plaintiff's December 5, 2024 filing
17 in *Israel v. Brownstein*, No. 2:21-cv-0262-TLN-EFB (E.D. Cal.) in which she stated that she was
18 prepared to proceed with that action. ECF No. 38 at 3. The court inferred that "[i]f plaintiff's
19 health issues allow her to proceed with her other cases, and absent any filing from plaintiff
20 indicating otherwise," then she "is prepared to proceed in this action as well." ECF No. 38 at 2 -
21 3. The court issued an amended scheduling order extending the deadline for service of discovery
22 requests until March 21, 2025, and set April 18, 2025 as the deadline to finish conducting
23 discovery and to file motions to compel. *Id*. at 3. The deadline for dispositive motions was set
24 for June 20, 2025, but that deadline was later vacated pending resolution of motions to compel
25 filed by both parties. *Id*.; ECF No. 57.
26      Plaintiff appeared for her deposition on March 6, 2025, ECF No. 42-1 at 3 (Boiko Decl.),
27 but defendants' counsel had to suspend the deposition after plaintiff claimed that she could not
28 testify to several subjects involving the case due to the alleged inability to access her legal

<div align="center">2</div>

1 property. *Id*. at ll.23-24.  Defendants filed a motion asking that plaintiff be compelled "to
2 meaningfully and fully participate in her deposition and that the discovery deadline be extended
3 for the sole purpose of allowing plaintiff's deposition to be completed.  ECF No. 42 at 1.

4     The court granted defendants' request to modify the schedule and set a date of August 8,
5 2025 to complete plaintiff's deposition and also ordered plaintiff to respond to defendants'
6 discovery by the same date.  ECF No. 58.  The court cautioned that further requests to modify the
7 schedule would be "looked upon with disfavor and must be supported by good cause pursuant to
8 Federal Rule of Civil Procedure 16(b)." *Id*. at 13.

9     On July 29, 2025, defendants again attempted to take plaintiff's deposition.  However,
10 prison staff informed defendants' counsel on that date that the deposition could not go forward
11 due to the medical isolation of plaintiff's housing unit.  ECF No. 59-1 (Boiko Decl.) at 1-2 ¶ 2.
12 The court granted defendants' motion for an extension until October 15, 2025, for the parties to
13 complete plaintiff's deposition and specifically instructed that plaintiff shall meaningful and fully
14 participate.  ECF No. 68 at 5.  The court also warned that it may consider terminating sanctions,
15 applying the five-factor test set forth in *Karimi v. Golden Gate School of Law*, 361 F. Supp. 3d
16 956, 969 (N.D. Cal. 2019) and *Henry v. Gill. Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993), if
17 plaintiff fails to obey the order to provide discovery.  *Id*. at 4.

18 <center>Plaintiff's Refusal To Attend Her Deposition On October 9, 2025</center>

19     On September 23, 2025, defendants noticed plaintiff's deposition to occur on Thursday
20 October 9, 2025.  ECF No. 72-1.  At 8:46 p.m. on the evening of Wednesday, October 8, 2025,
21 plaintiff emailed defendants' counsel with the message:

22 > []  For the expected deposition, please do not schedule it on Tuesday.[1]  That day
23 > carries the bulk of my therapy and mental health-related appointments during the
24 > treatment cycle.  I already missed this Tuesday.  I cannot, for my well-being,
25 > afford to miss another.  This request is made under Subtitle II of the ADA and in good faith.  []

ECF No. 72-1 at 4.  At 9:40 p.m. the same evening, plaintiff sent another email:

26 ———

27 [1] Plaintiff's reference to "Tuesday" is unclear.  The deposition had been noticed for Thursday October 9, 2025 and the deadline for conducting the deposition was Wednesday October 15, 2025.
28

<center>3</center>

> I am in poor health as of Tuesday[2] evening and getting sicker. Please reschedule the deposition.

*Id*. at 5. The following morning, plaintiff refused to be escorted to attend the scheduled deposition and signed a form stating the reason as "poor health and related disability, cannot due to ill health." *Id*. at 2 ¶ 3; *id*. at 9.

<p style="text-align:center"><u>Defendants' Motion For Terminating Sanctions</u></p>

On October 15, 2025, defendants filed their ex parte application to vacate deadlines in anticipation of their intent to file a motion for terminating sanctions.

On October 29, 2025, defendants filed their motion for terminating sanctions. ECF No. 72. They argue that plaintiff's failure to appear on October 9 was a willful violation of the court's order to complete the deposition by October 15. *Id*. at 5-6. They point to plaintiff's October 8 emails and her October 9 refusal as evidence of willfulness. They maintain that plaintiff had a responsibility to seek timely relief, and that illness does not absolve plaintiff's responsibility for her failure to do so. Defendants argue that they are severely prejudiced by plaintiff's on-going failure to cooperate in the taking of her deposition, that plaintiff has hindered defendants' efforts to resolve the case on its merits, and that no lesser sanctions are available. *Id*. at 8-12. As to the last point, defendants argue that monetary sanctions are ineffective against plaintiff who is an incarcerated pro se litigant. Defendants note that the court need not employ every possible alternative sanction before imposing termination, and that plaintiff has already been warned she must fully and properly participate in her deposition. *Id*. at 11-12.

Plaintiff has "responded" to defendants' motion in somewhat anticipatory fashion. On October 27, 2025, before defendants filed their motion for terminating sanctions, plaintiff filed her "motion to oppose" the ex parte application to vacate deadlines, along with her virtually identical "motion to oppose" dismissal. Her argument is that dismissal of this case
> … at this stage would result in substantial injustice. Lesser remedies, such as scheduling accommodations, have not been exhausted and remain available to the Court. Equity and precedent dictate that cases be decided on their merits rather

---

[2] The reference to "Tuesday" is once again unclear, as this second email was sent on Wednesday October 8.

4

than through procedural penalties imposed on a party suffering from verified health challenges.

ECF No. 71 at 2, 4. Plaintiff also included in this filing her response to defendants' Interrogatory No. 1, Set One, that she apparently intends as evidence of her diligent participation in discovery. *Id.* at 6-8.

## Discovery Sanctions Under The Rules Of Civil Procedure

Rule 41(b) provides that a court may dismiss a lawsuit for failure to prosecute or to comply with the court's orders. Although a dismissal under Rule 41(b) may be based on repeated failures to comply with the court's discovery orders, the rule most applicable to these circumstances is Rule 37. *See, e.g., Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) ("where a party's noncompliance with a discovery order is the asserted basis for dismissal as a sanction, the court must employ the discovery-specific Rule 37 rather than relying on Rule 41(b)" (citations omitted)). Thus, the court applies the standard under Rule 37 as the governing standard on this motion.

Rule 37(b)(2)(A)(v) allows a court to dismiss an action in whole or in part if a party fails to obey an order to provide or to permit discovery. Dismissal under Rule 37 requires the court to weigh:

> … (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2003). "These factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). "Because the first, second, and fourth factors carry relatively static weight with little variance based on the facts of a particular case, 'the key factors are prejudice and the availability of lesser sanctions.' " *Karimi*, 361 F. Supp. 3d at 969 (citing *Henry*, 983 F.2d at 948 (some internal quotation marks omitted)).

////

1    Dismissal is proper only if the sanctioned conduct is due to willfulness, fault, or bad
2 faith. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir.
3 1995) (citation omitted); *see also Porter v. Martinez*, 941 F.2d 732, 734 (9th Cir. 1991) (a pro se
4 former prisoner's failure to fully comply with discovery orders did not rise to the level of flagrant
5 bad faith).  Also, "[d]ue process concerns further require that there exist a relationship between
6 the sanctioned party's misconduct and the matters in controversy such that the transgression
7 'threaten[s] to interfere with the rightful decision of the case.'" *Anheuser-Busch*, 69 F.3d at
8 348 (citation omitted); *see also id.* at 349-355 (a party's misrepresentation to the court that
9 documents had been destroyed in a fire, whereas the evidence showed the party knew the
10 documents had survived in legible form, was a knowing deception that actually prejudiced the
11 opposing party and merited dismissal of her counterclaim because of the "close nexus" between
12 the misconduct that the merits of the case).

13    In considering whether dismissal is the appropriate sanction, the court should explicitly
14 consider the feasibility of less drastic sanctions and explain why such alternative sanctions would
15 be inappropriate and, if so, implement that less drastic measure.  Additionally, the court must
16 issue warnings regarding the possibility of dismissal in the event of future violations.  *Id.* at
17 352; *see also In re (PPA) Products Liability*, 460 F.3d at 1228 (it is an abuse of discretion to
18 impose a dismissal sanction without considering the impact and the adequacy of a
19 lesser sanction).  Explicit warnings are not always necessary, and the court may conclude that
20 lesser sanctions are inadequate if a deception or discovery abuse are such that the court
21 anticipates continued deceptive conduct.  *Anheuser-Busch*, 69 F.3d at 353.

22                                                                Analysis

23    Plaintiff's October 8 emails make vague references to conflicting medical appointments as
24 her reason not to attend her deposition scheduled for October 9.  This is the second time that
25 plaintiff has put a stop to her deposition at the last minute, on grounds that apparently could have
26 been addressed earlier.[3]  Plaintiff claimed that she was not able to prepare for the deposition

---

[3] The third unsuccessful deposition attempt, on July 29, 2025, was due to medical isolation of plaintiff's housing unit which was beyond her control.  *See* ECF No. 59-1 at 1-2.

6

scheduled for March 6, 2025, but that was known to her well before she appeared and refused to answer questions. Plaintiff also argues that she sat for four hours for her deposition in another case, *Israel v. Brownstein*, No. 2:21-cv-0262 (E.D. Cal.) after defendants' counsel in that case rescheduled due to her illness. But the deposition in *Brownstein* does not negate defendants' right to take her deposition this case. Plaintiff also asserts that she has filed and responded to discovery motions, but this does not relieve her of the obligation to provide her deposition testimony.

Plaintiff appears to have determined on the evening before the October 9, 2025 scheduled deposition that her health prevented the deposition from proceeding on that date, but did so only after she sent an email asking that the deposition not be scheduled for "Tuesday," and without describing any specific condition or complaint that would actually prohibit her participation on October 9.

Defendants are correct that plaintiff's tardy and vague reasons for refusing to attend the October 9 deposition do not excuse her responsibility to participate, or to at least submit a request together with a showing of good cause for relief from either the noticed date of October 9 or the deadline of October 15. Plaintiff's vague allusion to "illness" that may arise "suddenly" is an unsatisfactory explanation for her refusal to attend the October 9 deposition as scheduled. Although plaintiff persists with nonspecific assertions of illness as reasons to excuse her from cooperating with her deposition, she has represented that she is well enough to proceed with litigation, and indeed she has participated in written discovery and motions practice in this case.

Of the five factors in the sanctions test set forth in *Henry* and *Karimi*, the public's interest in expeditious resolution of a case and the court's need to manage its dockets generally weigh in favor of defendants' motion, while the public policy favoring disposition of cases on their merits generally weigh against them. Defendants have undoubtedly been prejudiced by the last-minute cancelations in March and October, in terms of their frustrated preparations as well as fees paid to court reporters.[4] On the other side of the argument, dismissal would, of course, be a heavy

---

[4] Defendants have submitted the court reporters' invoices from the March and October cancelations, showing fees of $1,211.35 and $990.00 respectively. ECF No. 72-1 at 15, 17.

7

penalty and plaintiff has participated in written discovery.

As noted in *Karimi*, the two remaining factors – prejudice and the availability of lesser sanctions – are key. 361 F.3d at 969. Defendants argue that lesser sanctions are unnecessary and/or unavailable. Given plaintiff's dilatory history in this case, defendant's frustration is understandable. However, there is another lesser remedy still available. Under Rule 37(b)(2)(A)(iv), the court may stay further proceedings in this case until plaintiff complies with the court's order to meaningfully and fully participate in her deposition. *See Brown v. Edinger*, No. 1:14-cv-1133, 2016 WL 3269044, at *6 (M.D. Pa. June 15, 2016) ("staying proceedings until an order [to produce documents and submit to another deposition] is satisfied is a viable alternative to dismissal"); *Dave' v. Board of Trustees of Southern Illinois University*, No. 3:18-cv-02122-GCS, 2021 WL 5232549, at *5 (S.D. Ill. Nov. 9, 2021) (staying proceedings until plaintiff satisfies monetary sanctions award). It is pointless for the court to continue to entertain other motions in this case, and to attempt to set deadlines for the parties, while there appears to be an open question whether plaintiff will sit for her deposition. The court will afford plaintiff this last opportunity to cooperate with the taking of her deposition before recommending that this action be dismissed as a sanction for her failure to comply with the earlier orders. The court will order plaintiff to appear for her deposition within 30 days of this order, and to meaningfully and fully participate. Defendants shall, within 7 days, notice plaintiff's deposition.[5] Any request to reschedule the date will be strongly disfavored and the court will not entertain any such request by plaintiff unless it includes a specific showing of good cause[6] demonstrating that it is not possible for the deposition to occur. Neither will the court permit further last-minute attempts to cancel the deposition.

////

---

[5] Because plaintiff represented in her October 8, 2025 emails that the bulk of her appointments are on Tuesdays, defendants are encouraged to avoid scheduling the deposition for a Tuesday.

[6] Vague, unsupported and undocumented assertions that health concerns somehow prevent the deposition will not excuse compliance.

8

The court will stay all other proceedings in this case until the deposition has been concluded. But an open-ended stay is not appropriate. After the time allowed for the deposition, the court will entertain motions from the parties as to whether the stay should be lifted. Alternatively, the court may entertain a renewed motion for terminating sanctions if plaintiff fails to obey this order. *See Lowery v. Shook*, No. 5:22-cv-00178-MR, 2024 WL 2820114, at *3 (W.D.N.C. June 3, 2024) (defendants allowed to renew their motion for sanctions if plaintiff does not appear for deposition within 30 days). Plaintiff is warned that the stay may not be lifted, and the case may be dismissed, if she fails to comply with this order.

The court has granted defendants' application to vacate remaining deadlines. ECF No. 69. The court will re-set the remaining deadlines upon completion of plaintiff's deposition.

The court will deny without prejudice plaintiff's motion to compel response to her requests for disciplinary and other records.[7] ECF No. 62. Plaintiff may renew her motion, at her discretion, after the deposition is completed and the stay is lifted. *See Lowery*, 2024 WL 2820114, at *3.

### Terminating Sanctions May Be Imposed

Plaintiff is again warned that Federal Rule of Civil Procedure 37(b)(2)(A)(v) provides that a court may dismiss an action if the plaintiff fails to obey an order to provide discovery. Should plaintiff decline to participate in her next noticed deposition the court will apply the five-factor test in *Karimi*, 361 F. Supp. 3d at 969 (citing *Henry*, 983 F.2d at 948), including the fact that the court has extended this last opportunity for plaintiff's compliance, to determine whether to recommend dismissal of this action.

////

////

---

[7] Defendants have responded to plaintiff's requests for production and interrogatories. The discovery requests cover topics including records of disciplinary matters, complaints, and grievances, and how such records are maintained. *See generally*, ECF No. 62, ECF No. 70. Plaintiff disputes the validity of some of defendants' objections. *See, e.g.*, ECF No. 62 at 2; ECF No. 70 at 11-15. Plaintiff also objects to defendants' attempts to narrow the scope of certain discovery requests. *See generally, e.g.*, ECF No. 62 at 5; ECF No. 70 at 10. The court finds that plaintiff will not be unduly prejudiced if her motion to compel is denied without prejudice, subject to its renewal upon completion of her deposition.

**ORDER**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel response to her discovery requests for disciplinary records, ECF No. 62, is DENIED WITHOUT PREJUDICE to renewal after the court issues an order lifting the stay of this case.

2. Defendants' motion to dismiss as a terminating sanction (ECF No. 72) is DENIED WITHOUT PREJUDICE, but an alternative remedy is GRANTED as follows:

    a. Pursuant to Rule 37(b)(2)(A)(iv) FURTHER PROCEEDINGS IN THIS CASE ARE STAYED until plaintiff meaningfully and fully participates in her deposition

    b. Defendants shall, no later than November 26, 2025, notice plaintiff's deposition for a date no later than December 19, 2025.

    c. The parties shall notify the court no later than January 5, 2026 whether the stay should be lifted.

So ordered.

Dated: November 19, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE